UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE FREDERICK,

          Plaintiff,

v.                                 Case Number 06-11549-BC
                                   Honorable Thomas L. Ludington

FEDERAL-MOGUL, INCORPORATED,
a Delaware corporation,

          Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND FOR SANCTIONS, STAYING PROCEEDINGS FOR 90 DAYS, AND SETTING STATUS CONFERENCE

Plaintiff Lance Frederick asserts that he invented a new machine and process for manufacturing engine bearings on or about November 29, 2000. He alleges that his employer, Defendant Federal Mogul, Inc., agreed to compensate him if it ever used his invention commercially in its manufacturing process. On October 1, 2001, Defendant filed a petition for reorganization under 11 U.S.C. §§ 1101 *et seq.*, in the United States Bankruptcy Court for the District of Delaware. Although a Delaware company, Defendant does business in Michigan.

Plaintiff alleges that Defendant began to use his invention sometime around March 2003, more than a year after Defendant sought bankruptcy protection. On August 3, 2005, Plaintiff filed a complaint in state court, apparently alleging a violation of the purported agreement to compensate him for use of his invention. Defendant, however, successfully convinced a Michigan trial court on October 5, 2005 and a Michigan appellate court on December 19, 2006 that the action was stayed by the automatic stay provisions of 11 U.S.C. § 362, prohibiting actions against a debtor based on

pre-bankruptcy claims.

On March 31, 2006, Plaintiff filed a complaint in this Court alleging, *inter alia*, breach of contract and promissory estoppel.[1]  Now before the Court are Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b) and Defendant's motion for sanctions under Federal Rule of Civil Procedure 11.

Defendant first contends that the bankruptcy stay under 11 U.S.C. § 362 operates to bar Plaintiff from pursuing state law claims in this Court.  Indeed, the state trial and appellate benches agreed with Defendant's assertion.  11 U.S.C. § 362(a)(1) provides:

> [A] petition filed under [11 U.S.C. §§] 301, 302, or 303 . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that *arose before the commencement of the case* under this title . . . .

(Emphasis added.)  Thus, the characterization of Plaintiff's state law claims, for promissory or equitable estoppel or for breach of contract, as arising pre-petition – and, thus, stayed under § 362 – or post-petition, becomes the critical issue.[2]  "[P]ost-petition debts are generally treated as

---

[1]On December 20, 2007, Plaintiff filed a first amended complaint.

[2]According to the Sixth Circuit in *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 384 (6th Cir. 2001):

> [W]hen a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (i.e., stays) the proceedings [because both the court in which the litigation is pending and the bankruptcy court may properly decide that question of law].

(Citing *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir. 1985)).

administrative expenses to which the automatic stay provision does not apply[,]" resulting in the application of the relevant non-bankrupcty law. *Chao*, 270 F.3d at 383; *see also Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1990) ("The stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed . . . [and] does not include actions arising post-petition.") (citations omitted).

Although no Sixth Circuit case is precisely on point, the Court finds persuasive the treatment of the claims in *In re Pan Am Corp.*, 177 B.R. 1014 (Bankr. S.D. Fla. 1995). There, the bankruptcy court considered contracts entered into prior to the filing of one party's bankruptcy petition but breached after the filing of the petition. *Id.* at 1016. The parties, two airlines, had extensive business dealings both before and after the filing of the debtor's bankruptcy petition. Although the bankruptcy court did not expressly consider the application of § 362, the court concluded that the case could proceed in a federal district court outside the district in which the bankruptcy proceedings were ongoing. *Id.* The claims alleged arose out of the post-bankruptcy operation of the debtor's business, and those claims could have been pursued in state court, but for the filing of the bankruptcy petition. *Id.* at 1016-1017. Consequently, the court concluded that venue was proper under 28 U.S.C. § 1409(e). *Id.* at 1017.

Here, rather than the ongoing business dealings involved in *In re Pan Am Corp.*, Plaintiff seeks to raise claims based solely on Defendant's alleged exploitation of a business opportunity well after it sought bankruptcy protection. The extensive business dealings both before and after filing a bankruptcy petition did not transform the post-petition breach in *In re Pan Am Corp.* into a pre-petition claim that would prevent pursuit of those claims outside of the bankruptcy court. Similarly,

the instant parties' sole business dealing involving an alleged pre-petition contract and an alleged post-petition breach similarly suffices for Plaintiff to proceed in this Court. Accordingly, in this Court's view, the bankruptcy stay under § 362 does not apply, because Plaintiff has raised a post-petition claim.

Defendant also argues that the *Rooker-Feldman* doctrine strips this Court of federal subject matter jurisdiction. The *Rooker-Feldman* doctrine prevents a federal district court from exercising jurisdiction when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *ExxonMobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005). Significantly, the doctrine permits a party to seek protection in federal court, even while an action remains pending in state court without extinguishing federal jurisdiction. *See id.* at 294 n.9 (rejecting criticism of a party for seeking an "insurance policy"). Here, Plaintiff filed the instant suit before the Michigan Court of Appeals issued its decision. Thus, Plaintiff filed in federal court before the state proceedings ended, regardless of whether the lapse of time to take an appeal to the Michigan Supreme Court is required to reach finality, so under *ExxonMobil*, Plaintiff cannot be faulted for pursuing an "insurance policy" here.

Defendant further argues that issue preclusion, based on the state court's decision to apply the stay in bankruptcy to Plaintiff's claims, bars Plaintiff from proceeding here. A federal court must give the same preclusive effect to a state court judgment as given by state law. *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 310 (6th Cir. 2005) (citation omitted). "Under Michigan law, issue preclusion, known as collateral estoppel, 'precludes relitigation of an issue in a subsequent, different cause of action between the same parties

where the prior proceeding culminated in a valid, final judgment and the issue was . . . actually litigated, and . . .necessarily determined.'" *Id*. (quoting *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990)).  Issue preclusion in Michigan applies when (1) a question of fact was actually litigated and determined by a valid and final judgment; (2) the same parties had a full and fair opportunity to litigate the issue; and (3) mutuality of estoppel, i.e., the party taking advantage of the judgment would have been bound by it, had it been against that party. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-846 (Mich. 2004).  The doctrine as articulated by the Michigan Supreme Court pertains to issues of *fact*.  Here, Defendant seeks to apply this principle to a conclusion of law, rather than an issue of fact.  The central issue presented is one of law, not fact:  whether bankruptcy law forecloses Plaintiff from pursuing his state law claims.  Thus, issue preclusion does not apply and cannot serve to block Plaintiff's claims here.

Regarding Defendant's motion for sanctions, that motion advances substantially the same legal arguments offered in Defendant's motion to dismiss.  Given the foregoing analysis, sanctions against Plaintiff are not warranted.

Yet, given the complexity of the issues raised, the Court on its own initiative ordered a stay of the proceedings for 90 days, rather than immediately issuing a scheduling order.  The United States Bankruptcy Court for the District of Delaware, or the United States District Court under whose reference the Bankruptcy Court is operating, may have its own view about its role in determining whether Plaintiff's claim is pre-petition or post-petition.  *See* 28 U.S.C. § 1334(a) & (b).  The argument before this Court did not give extensive attention to that issue or its possible corollary effect on the applicability of the automatic stay.  Similarly, the Bankruptcy Court and parties might give consideration to the propriety of litigating the merits of the claim in a state court,

given the character of the cause of action and the location of the relevant events. *See* 28 U.S.C. § 1334(c)(1).

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [dkt #2] is **DENIED**.

It is further **ORDERED** that Defendant's motion for sanctions [dkt #13] is **DENIED**.

It is further **ORDERED** that this case is **STAYED** until **May 21, 2007**.

It is further **ORDERED** that a status conference is scheduled for **May 30, 2007** at 3:30 p.m.

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

Dated: February 21, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 21, 2007.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS