UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE FREDERICK,

          Plaintiff,

v.                                        Case Number 06-11549-BC
                                        Honorable Thomas L. Ludington
FEDERAL-MOGUL, INCORPORATED,
a Delaware corporation,

          Defendant.

                                   /

## ORDER DISMISSING ORDER TO SHOW CAUSE

On March 31, 2006, Plaintiff Lance Frederick filed suit against Defendant Federal-Mogul, Inc. In his amended complaint of December 20, 2006, he claimed misappropriation of trade secrets, quantum meruit, promissory and equitable estoppel, breach of contract, and conversion based on Defendant's alleged uncompensated use of Plaintiff's purported invention. On October 1, 2001, Defendant file a petition in bankruptcy.

On June 12, 2007, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction or for lack of venue, and Plaintiff responded on June 20, 2007.

Plaintiff correctly contends that the Court has subject matter jurisdiction under 28 U.S.C. § 1334(b). Section 1334(b) provides, "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In *Robinson v. Michigan Consolidated Gas Co. Inc.*, 918 F.2d 579, 583 (6th Cir. 1990), the Sixth Circuit, at least for jurisdictional purposes under § 1334(b), described the expansive

interpretation of that statute. There, the Court recited, "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (citing *In re Pacor*, 743 F.2d 984, 994 (3d Cir. 1984)). Here, a judgment against Defendant could alter its liabilities, and the parties have represented to the Court that Defendant remains in bankruptcy proceedings. Thus, Plaintiff's pleadings suffice to establish subject matter jurisdiction under § 1334(b).

As to venue, Plaintiff relies on 28 U.S.C. § 1409(e), again relying on the underlying bankruptcy proceedings. Section 1409(e) provides:

> A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

Plaintiff now pleads that Defendant's world headquarters lie in Southfield, Michigan. Under non-bankruptcy venue provisions, he could have brought an action where Defendant resides, which is in the Eastern District of Michigan. Thus, venue is proper before this Court.

Accordingly, it is **ORDERED** that the order for Plaintiff to show cause in why the case should not be dismissed for lack of subject matter jurisdiction or venue is **DISMISSED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 29, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 29, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS