UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE FREDERICK,

           Plaintiff,

v.                                                  Case Number 06-11549-BC
                                                  Honorable Thomas L. Ludington
FEDERAL-MOGUL, INCORPORATED,
a Delaware corporation,

           Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND CANCELLING HEARING

In his amended complaint of December 20, 2006, Plaintiff Lance Frederick pursued several claims against Defendant Federal-Mogul, Inc., including misappropriation of trade secrets and breach of contract. On June 11, 2007, Defendant filed a motion for a more definite statement and for any amended complaint to be sealed.

The Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

According to Plaintiff's amended complaint, he worked as a tool maker for Defendant. He asserts that, on or about November 29, 2000, he "conceptualized and invented a new machine and process for manufacturing engine bearings."[1] Pl. Am. Cplt., ¶ 5. Allegedly, he and Defendant

---

[1] At one point, in his description of his fifth count in ¶ 33 of his amended complaint, he refers to "engine *main* bearings," although he otherwise generally refers to engine bearings.

agreed to keep the invention confidential. *Id*. at ¶ 7. According to him, if Defendant ever used the invention commercially, Defendant agreed to compensate Plaintiff "fairly for the use of the new concept, invention and process" and limit the invention's use to the Greenville, Michigan plant where Plaintiff worked. *Id*. He maintains that the "new machine and process" are economically beneficial for manufacturing engine bearings. *Id*. at ¶ 8. He now asserts claims of misappropriation of trade secrets, quantum meruit, equitable and promissory estoppel, breach of contract, and conversion of intellectual property.

After extended proceedings regarding Defendant's status in bankruptcy proceedings and other matters, Defendant filed the instant motion for a more definite statement. According to Defendant, Plaintiff's complaint is too vague to identify which, of the many machines and processes used in its Greenville plant, is the one that Plaintiff asserts he invented. Defendant also notes his varied references to "products," "intellectual property information," "intellectual property right," "intellectual property," and "developments." Defendant contends that these various terms prevent it from understanding to what Plaintiff might be referring.

In his response brief, Plaintiff adds his assertion that Defendant secured an "assignment" of the purported invention from six of Plaintiff's co-workers, even though they allegedly had no interest in it. Plaintiff further states that Defendant hosted an awards banquet in honor of those six employees. Plaintiff also asserts that Defendant requested that he sign an assignment of his interest in the purported invention. Consequently, he argues that the complaint has put Defendant on sufficient notice to defend itself.

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

> cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Yet Federal Rule of Civil Procedure 8(a) requires only a "short and plain" statement of a plaintiff's entitlement to relief. The pleadings must "simply" give the defendant notice of the nature of the claim and its basis. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512 (2002) (citation omitted). "This simplified notice pleading standard relies on liberal discovery rules . . .", rather than on technical and rigid pleading requirements. *Id.* at 512-514.

> 2 Moore's Federal Practice 3d § 12.36[1] (2006) provides:
>
>> The motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial justice. So, although they come within the court's discretion, courts grant the motions sparingly.
>> Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail. Courts frown on a litigant's use of the motion as a "shotgun tactic" to substitute for discovery, or as a dilatory tactic to postpone filing an answer. In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

(Footnotes omitted.)

Although the Sixth Circuit has not provided further guidance on motions under Rule 12(e), the Court cannot conclude that this complaint requires a relief in the form of a more definite statement. Giving a liberal construction to the pleadings, as the Court must, Defendant has sufficient notice to identify the nature of and basis for the claims against it. Nor can Defendant use the mechanism of a more definite statement as a substitute for discovery. Rule 8(a) does not require perfect specificity; it requires only a "short and plain statement."

Indeed, Plaintiff has provided such a statement. Plaintiff has alleged that (1) he invented a

machine or process (2) that Defendant uses in its Greenville, Michigan plant (3) which is the plant where Plaintiff works. Plaintiff has further alleged that his invention pertains to engine bearings and that he had an agreement with his employer for the use of his invention. Given these allegations, Defendant's contention that it cannot identify the invention at issue is unavailing. Nor is Defendant entitled to require the pleadings to clarify any uncertainties that it can clarify in discovery. Thus, the Court will deny Defendant's motion for a more definite statement under Rule 12(e), because Plaintiff has met the liberal pleading requirements of Rule 8(a) and because any lack of detail in the amended complaint can be cured in discovery.

Accordingly, it is **ORDERED** that Defendant's motion for a more definite statement [dkt #44] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for **July 25, 2007** at 4 p.m. is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 20, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---