UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE FREDERICK,

        Plaintiff,

v.                                                               Case Number 06-11549-BC
                                                               Honorable Thomas L. Ludington

FEDERAL-MOGUL, INCORPORATED,

        Defendant.

_____ /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING DEFENDANT'S MOTION TO STAY DISCOVERY, GRANTING DEFENDANT'S MOTION TO ENLARGE PAGE LIMITS, GRANTING PLAINTIFF'S REQUEST TO ENLARGE PAGE LIMITS AND EXTEND TIME TO RESPOND, DENYING PLAINTIFF'S MOTION FOR STAY OF BRIEFING ON DEFENDANT'S MOTION TO STRIKE, DENYING AS MOOT PLAINTIFF'S MOTION FOR STAY OF BRIEFING ON REPLY BRIEF TO PLAINTIFF'S MOTION FOR RECONSIDERATION, AND SCHEDULING HEARING**

        Before the Court are several motions: (1) Plaintiff's motion for reconsideration of the Court's August 11, 2008, order denying second modification of case management and scheduling order as amended [Dkt. # 109], (2) Defendant's motion to stay discovery pending resolution of Defendant's motion to dismiss [Dkt. #113], (3) Defendant's motion to enlarge page limits for briefs in support of its motion to dismiss and motion for summary judgment [Dkt. #112], and (4) Plaintiff's motion for a stay of briefing on Defendant's motion to strike Plaintiff's experts and Plaintiff's reply brief on Plaintiff's motion for reconsideration [Dkt. # 119].

        The Court has reviewed the parties' submissions and finds that the facts and law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motions. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

On July 31, 2008, Plaintiff filed a motion seeking to amend the case management and scheduling order to include a November 30, 2008 date for disclosure of the "final" reports of the experts for both parties. On August 11, 2008, the Court denied Plaintiff's motion to amend the case management and scheduling order [Dkt. # 108]. On August 18, 2008, Plaintiff filed a motion for reconsideration [Dkt. # 109]. On August 22, 2008, the Court ordered Defendant to file a response [Dkt. # 110]; Defendant did so on September 8, 2008 [Dkt. # 111]. The parties have adequately framed the issue such that a reply brief from Plaintiff is not necessary. Indeed, one is not required under Local Rule 7.1(g)(2).

Under E.D. Mich. LR 7.1(g), a party must show the existence of a palpable defect by which the Court has been mislead, and that correcting that defect would result in a different disposition. Plaintiff asserts that Defendant made misrepresentations to the Court concerning Plaintiff's requested amendment of the case management and scheduling order, and that such misrepresentations mislead the Court. Plaintiff asserts that he did not seek to extend the deadline to make expert disclosures; he only sought to enter a final date for supplementing expert disclosures.

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, parties are required to disclose their expert witnesses and provide expert reports to the opposing parties by a date the Court orders. The reports are required to contain "a complete statement of all opinions the witness will express." Fed. R. Civ. P. 26(a)(2)(B)(i). Throughout the discovery process, a party is required to supplement a report if it learns the report is incomplete or incorrect. Fed. R. Civ. P. 26(a)(2)(D). "Any additions or changes" to the reports "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

The Court issues case management and scheduling orders that are consistent with the model

established by Rule 26. At the time Plaintiff filed his motion to amend the case management and scheduling order, and currently, Plaintiff was required to provide his expert witness disclosures and reports to Defendant by August 1, 2008. Subsequent to this date, Plaintiff is obligated to supplement any report he learns is incomplete or incorrect based on information he obtains during discovery. Discovery is scheduled to end October 31, 2008. The parties pretrial disclosures under Rule 26(a)(3), which are to include each witness each party intends to call at trial, are due by February 6, 2009. Thus, the parties are required to disclose any "additions or changes" to expert reports by February 6, 2009. Fed. R. Civ. P. 26(e)(2).

Plaintiff's proposal to include a November 30, 2008 date for disclosure of "final" expert reports presumes that the expert reports due on August 1, 2008 were intended to be limited "initial" reports. Plaintiff's proposal would have the parties not disclose "final" reports until one month after discovery ends on October 31, 2008. The proposal is inconsistent with the model established by Rule 26 and the Court's scheduling orders. The duty to supplement expert reports under Rule 26 was designed with the understanding that discovery may necessitate supplements to an expert report. Thus, the fact that an expert's opinion may change as discovery produces new information through discovery does not justify postponing the date expert reports are due until after the close of discovery.

If Defendant made any misrepresentations concerning Plaintiff's motion to amend the case management and scheduling order, they were immaterial to the decision to deny Plaintiff's motion. Additionally, the Court finds that extending the deadline to disclose experts reports from February 1, 2008, to August 1, 2008, sufficiently addressed Plaintiff's concerns regarding the ability of his experts to reach final opinions. Thus, the Court will deny Plaintiff's motion for reconsideration.

On September 8, 2008, Defendant filed a motion to dismiss [Dkt. # 115], a motion for summary judgment [Dkt. # 116], and a motion to stay discovery pending resolution of the motion to dismiss [Dkt. # 113]. Defendant requested a stay of discovery because its motion to dismiss asserts that Plaintiff's claims should be dismissed for lack of jurisdiction under Rule 12(b)(1). Thus, a stay of discovery would prevent the parties' resources from being unnecessarily expended, in the event that the Court grants the motion to dismiss. Plaintiff opposes the stay, primarily on the grounds that he seeks to depose additional witnesses, whom he believes to have information related to Defendant's arguments raised in its motion to dismiss.

Based on these considerations, the Court does not find that a stay of discovery is justified. While concerns regarding the use of the parties' resources are legitimate, Defendant has brought its 12(b)(1) motion to dismiss at a rather late point in the proceedings, and Plaintiff believes additional discovery may yield information relevant to the motion. Thus, the Court will deny Defendant's motion to stay discovery.

On September 8, 2008, Defendant also filed a motion to enlarge page limits for briefs in support of its motion to dismiss and motion for summary judgment [Dkt. # 112]. Defendant asserted that a thirty-four page brief in support of its motion to dismiss, and a thirty-six page brief in support of its motion for summary judgment are necessary in order to adequately set forth the facts and legal issues involved. Plaintiff contends that the substance of the motions does not necessitate such lengthy briefs. Plaintiff requested that the Court grant him an identical page enlargement, to ensure that he can adequately respond to the motions, if the Court grants Defendant's request. Plaintiff also asserts that Defendant did not provide him with copies of its motions until three days after it filed the motions. Thus, Plaintiff requests a three-day extension of time to respond to the motions.

The Court agrees with Defendant that the legal complexity of the issues may justify extending the page limits and will grant Defendant's request. The Court will also grant Plaintiff an identical enlargement. Based on Plaintiff's representation that Defendant did not provide him with copies of its motions until three days after Defendant filed the motions, the Court will grant Plaintiff three additional days to file responses.

On September 15, 2008, Plaintiff filed a motion for a stay of briefing on Defendant's motion to strike Plaintiff's experts and Plaintiff's reply brief on Plaintiff's motion for reconsideration [Dkt. # 119]. Plaintiff asserts that briefing the issues in these motions is not necessary at this time, due to Defendant's pending motion to dismiss. The Court finds that briefing is necessary on Defendant's motion to strike Plaintiff's experts, in order to ensure that the case continues to advance in a timely manner. Thus, the Court will deny a stay with respect to the motion to strike. With respect to Plaintiff's reply brief on Plaintiff's motion for reconsideration, the Court found that the issues were adequately framed such that a reply brief was not necessary for a resolution of the motion. Thus, the court will deny a stay with respect to this motion as moot.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 109] is **DENIED**, and that Defendant's motion to stay discovery [Dkt. # 113] is **DENIED**.

It is further **ORDERED** that Defendant's motion to enlarge page limits [Dkt. # 112] is **GRANTED**. Defendant's brief in support of its motion to dismiss shall not exceed **34 pages**, and Defendant's brief in support of its motion for summary judgment shall not exceed **36 pages**.

It is further **ORDERED** that Plaintiff's request to enlarge page limits for its responses to Defendant's motions to dismiss and for summary judgment is **GRANTED**. Plaintiff's response to Defendant's motion to dismiss shall not exceed **34 pages**, and Plaintiff's response to Defendant's

motion for summary judgment shall not exceed **36 pages**.

It is further **ORDERED** that Plaintiff's request for an extension of time to respond to Defendant's motion to dismiss and motion for summary is **GRANTED**. Plaintiff shall file his responses **on or before October 2, 2008**.

It is further **ORDERED** that Plaintiff's motion for a stay of the briefing on Defendant's motion to strike Plaintiff's experts [Dkt. # 119] is **DENIED**, and that Plaintiff's motion for a stay of Plaintiff's reply brief on Plaintiff's motion for reconsideration [Dkt. # 119], is **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's motion to strike plaintiff's experts [Dkt. # 114], Defendant's motion to dismiss [Dkt. # 115], and Defendant's motion for summary judgment [Dkt. # 116] are set for hearing on **November 19, 2008 at 4:00 p.m.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 19, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS