UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE FREDERICK,

        Plaintiff,

v.                                                Case Number 06-11549-BC
                                                Honorable Thomas L. Ludington

FEDERAL-MOGUL, INC.,

        Defendant.

_____ /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**

Now before the Court is Plaintiff's motion for reconsideration of the Court's order dated December 12, 2008, dismissing the complaint with prejudice. In that order, the Court determined that Plaintiff's state-law claims were pre-empted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), because "proof of the state law claim[s] requires interpretation of the [CBA] terms." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (citing *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 210 (1985)). The Court further determined that Plaintiff could not maintain his state-law claims under § 301 because they would be time-barred. The Court also stated that, if Plaintiff's claims were not pre-empted by § 301, the Court would lack jurisdiction over them, as they would fall within the exclusive jurisdiction of the National Labor Relations Board ("NLRB") under § 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. 158(a)(5), based on the *Garmon* doctrine.

In his motion for reconsideration, Plaintiff contends that "proof of Plaintiff's trade secret claims do not require interpretation of the CBA because the subject matter of Plaintiff's claims were

never bargained for and are 'zippered out,' or waived by [Defendant] as an item of collective bargaining." To support this proposition, Plaintiff cites to the deposition testimony of UAW-attorney Jay Whitman. Mr. Whitman testified that "zipper clauses" are commonly used in CBAs, that a zipper clause "basically says if it ain't here, it ain't," and that if "it isn't in this document's four corners, everybody waives their right to bargain about it and you're stuck with what you got." Whitman further testified that he had advised the assistant director of the UAW Region 1-D that, based on the zipper-clause in the CBA, the union had no obligation to bargain or talk to Defendant regarding its request that Plaintiff and the union agree to "sign-over of rights to certain inventions." Based on Whitman's testimony, Plaintiff contends that the Court's conclusion that Plaintiff's claims are "substantially dependent on analysis of a collective-bargaining agreement" is in error.

Under E.D. Mich. LR 7.1(g), a party must show the existence of a palpable defect by which the Court has been mislead, and that correcting that defect would result in a different disposition. Contrary to Plaintiff's argument, Mr. Whitman's testimony regarding the presence of a "zipper-clause" in the CBA does not affect the Court's analysis of Plaintiff's claims. Mr. Whitman's testimony may represent his interpretation of the CBA, but his testimony does not support the proposition that interpretation of the CBA is not necessary to resolving Plaintiff's claims. The Court would not be able to avoid interpreting the CBA by relying on a UAW attorney's interpretation of the CBA. Moreover, even if the Court determined that Plaintiff's claims were not pre-empted by § 301, the Court would lack jurisdiction over them under § 8 of the NLRA and the *Garmon* doctrine. Thus, the Court will deny Plaintiff's motion for reconsideration.

Also before the Court is Plaintiff's motion for an extension of time to file a response to Defendant's motion for sanctions. Plaintiff seeks an extension of time because a response to

Defendant's motion would not have been necessary if the Court had granted Plaintiff's motion for reconsideration. Defendant's motion is set for hearing on March 9, 2009, and the Court will grant Plaintiff an extension of time in accordance with that date.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 156] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for extension of time to file response to Defendant's motion for sanctions [Dkt. # 166] is **GRANTED**. Plaintiff shall file a response on or before **February 23, 2009**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: February 9, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2009.

                                s/Tracy A. Jacobs
                                TRACY A. JACOBS