UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE FREDERICK,

        Plaintiff,

v.                                                   Case Number 06-11549-BC
                                                   Honorable Thomas L. Ludington

FEDERAL-MOGUL, INCORPORATED,

        Defendant.

_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND PLAINTIFF'S MOTION FOR SANCTIONS, AND OVERRULING PLAINTIFF'S OBJECTION TO COSTS TAXED AND BILL OF COSTS

Now before the Court are cross-motions for sanctions. In his amended complaint [Dkt. # 33], filed December 20, 2006, Plaintiff Lance Frederick sought compensation from his employer, Defendant Federal-Mogul Corp., based on an alleged "agreement" that he had with Defendant concerning Plaintiff's "conceptualiz[ation] and invent[ion] [of] a new machine and process for the manufacturing of engine bearings." Plaintiff alleged that, under the agreement, Defendant agreed to (1) keep his concept, or invention, confidential, (2) fairly compensate him separately from his wages if Defendant ever commercially used the process, and (3) restrict the use of the process to Defendant's Greenville, Michigan, plant. Plaintiff's amended complaint alleged six state-law causes of action, including trade secret misappropriation (count I), quantum meruit (count II), equitable estoppel (count III), promissory estoppel (count IV), breach of express or implied contract (count V), and conversion of intellectual property (count VI).

On December 12, 2008, the Court entered an order [Dkt. # 155] granting Defendant's motion to dismiss and dismissed Plaintiff's complaint with prejudice. The Court found that Plaintiff's

state-law claims were pre-empted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), because proof of the claims was substantially dependent on analysis of the collective-bargaining agreement ("CBA"). Thus, the Court dismissed Plaintiff's complaint because it was not timely filed under the applicable six-month statute of limitations. In the alternative, the Court found that it lacked subject matter jurisdiction over Plaintiff's state-law claims because the National Labor Relations Board ("NLRB") has sole and exclusive jurisdiction over them under § 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. 158(a)(5), based on the *Garmon* doctrine and the fact that Plaintiff's allegations arguably constitute unfair labor practices under the NLRA.

On January 9, 2009, Defendant filed a motion for sanctions [Dkt. # 160]. On February 20, 2009, Plaintiff file a motion for sanctions [Dkt. # 175], along with his response [Dkt. # 174] to Defendant's motion for sanctions. Subsequently, Defendant filed a reply [Dkt. # 178] in support of its own motion for sanctions, and a response [Dkt. # 180] to Plaintiff's motion for sanctions. Finally, Plaintiff filed a reply [Dkt. # 187] in support of his motion for sanctions. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motions. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court will deny the cross-motions for sanctions.

I

The parties seek sanctions pursuant to 28 U.S.C. § 1927, and the Court's inherent power to sanction parties. To begin, § 1927 provides in full:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Sixth Circuit has adopted an objective standard to determine when sanctions are appropriate under § 1927:

> Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. Under this formulation, the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied.

*Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (internal citations and quotations omitted).

Yet, it is also established that "[a]n attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.' " *Jones v. The Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). In other words, sanctions may be appropriate "at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Id. See also Ridder*, 109 F.3d at 299 (upholding award of statutory sanctions when counsel's "unreasonable and vexatious behavior began with the filing of the complaint and persisted throughout the pendency of the case" when counsel failed to withdraw the claims against certain defendants over a five-year period). A finding of bad faith is not required to

support statutory sanctions. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996). Finally, "[a] sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *In re Ruben*, 825 F.2d 977, 988 (6th Cir. 1987).

In order to impose sanctions pursuant to its inherent powers to sanction a party, a federal court must find that bad faith has occurred. *Runfola*, 88 F.3d at 375 (internal citations omitted). This means that "a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal quotations omitted). Ultimately, a district court's award of sanctions pursuant to § 1927 or its inherent powers is discretionary. *See, e.g.*, *Runfola*, 88 F.3d at 375 (also noting that "[w]hile district courts are required to articulate a basis for awarding sanctions, nothing requires them to explain their reasons for not ordering sanctions").

II

Addressing the parties' motions in tandem, three main issues are raised. First, Plaintiff contends that he is entitled to an award of sanctions against Defendant because Defendant intentionally filed late its motion to dismiss based upon subject matter jurisdiction. Second, Defendant contends that it is entitled to an award of sanctions against Plaintiff because Plaintiff knew or should have known that the fundamental factual allegations underlying his lawsuit were untrue and Plaintiff attempted to conceal the truth from Defendant. Third, and finally, Plaintiff contends that Defendant vexatiously multiplied this litigation by repeatedly submitting numerous baseless requests and motions for sanctions. To a large extent, both Plaintiff's and Defendant's

responses to the other's motion undercut their own motions for sanctions, and the Court concludes that neither is entitled to sanctions.

First, Plaintiff contends that he is entitled to an award of sanctions against Defendant because Defendant violated the "mandate" of Rule 12(b) of the Federal Rules of Civil Procedure that a motion to dismiss be filed before the answer is filed. While Plaintiff recognizes that the 12(b)(1) defense for lack of subject matter jurisdiction cannot be waived, Plaintiff contends that this is "not an excuse for ignoring the mandate of Rule 12(b)(1)." Thus, Plaintiff claims that Defendant did not file a 12(b)(1) motion until approximately 31 months after it was "due." In the interim, Plaintiff expended a large amount of time and expense prosecuting the case, all of which would have been unnecessary had Defendant followed the "mandate" of Rule 12(b).

Plaintiff's argument is undercut by the fact that the Court did not simply dismiss Plaintiff's complaint based upon a lack of subject matter jurisdiction. The Court's primary holding was that Plaintiff's state-law claims were pre-empted by § 301 of the LMRA, and therefore within the Court's jurisdiction. As the Court explained in its order, § 301 effectively establishes an exception to the exclusive jurisdiction of the NLRB. Thus, had Plaintiff's claims not been barred by the statute of limitations, the Court may have proceeded to the merits of the claims. In other words, had Defendant raised the exclusive jurisdiction of the NLRB as a defense earlier in the suit, development of the factual context of Plaintiff's claims may have been necessary to determine whether they fell within the § 301 exception.

Additionally, Defendant responds that Plaintiff and his counsel effectively prevented Defendant from bringing this particular challenge sooner by alleging the existence of an "agreement," the terms and circumstances of which were left so unclear that Defendant determined

-5-

that it could not properly bring a challenge under federal labor law until it could obtain discovery regarding the agreement allegations. In other words, Defendant was unable to discern whether the "agreement" alleged by Plaintiff was completely independent of Plaintiff's employment or fell within the federal labor laws. According to Defendant, it was not until Plaintiff made certain admissions in his deposition that the propriety of the challenge was established. Defendant also contends that it would be speculation to say that the Court would have granted a motion based upon such a challenge in May 2006. Indeed, the Court is left to wonder why Plaintiff did not voluntarily dismiss his claims if it was entirely apparent from the face of his complaint that Defendant could have successfully brought this particular challenge in May 2006.

Perhaps more significantly, a party may challenge subject matter jurisdiction at any time, even on appeal. *Von Duser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) ("The general practice among federal courts has been to permit any party to challenge (or for the court to question sua sponte) the existence of subject-matter jurisdiction at any time in the proceedings."). Moreover, Defendant had challenged the Court's subject matter jurisdiction earlier in the lawsuit, based on a bankruptcy stay under 11 U.S.C. § 362, and the *Rooker-Feldman* doctrine. Thus, it does not appear that Defendant was attempting to avoid a challenge to the Court's subject-matter jurisdiction for some unknown, improper purpose.

Next, Defendant contends that it is entitled to an award of sanctions against Plaintiff because Plaintiff knew or should have known that the fundamental factual allegations underlying his lawsuit were untrue and Plaintiff attempted to conceal the truth from Defendant. Defendant's basic contention is that Plaintiff revealed in his deposition that no agreement ever existed even though he alleged an agreement in the complaint. Prior to Plaintiff's deposition, Defendant contends that

Plaintiff avoided making this admission through inadequate responses to interrogatories.

In response to Defendant's motion for sanctions, Plaintiff represents that the factual allegations in his complaint have a reasonable basis in fact and were made in good faith after discussions between Plaintiff and counsel. Plaintiff emphasizes that while Defendant challenges the existence of any "agreement," as alleged by Plaintiff, evidence of an express agreement exists because Defendant made an offer to Plaintiff involving the invention of a new process and Plaintiff accepted the offer by performance. Plaintiff also maintains that implied agreements existed based on quasi-contract and quantum meruit. Subsequent to Plaintiff's deposition and upon receipt of Defendant's motion for summary judgment, Plaintiff claims that he decided to pursue his implied contract claims, rather than the express contract claims, because those appeared to be stronger legal theories.

Plaintiff also responds that his objections to Defendant's interrogatories were proper because Defendant served Plaintiff with interrogatories in excess of the number permitted by Rule 33 of the Federal Rules of Civil Procedure without first seeking leave of the Court or by stipulation. After the Court, through the magistrate judge, granted Defendant leave to file the interrogatories, Plaintiff responded and Defendant did not object that Plaintiff's responses were inadequate. While Plaintiff had inadvertently not signed the responses to Defendant's interrogatories, Plaintiff recently provided a signed copy.

At this juncture, it is significant that Defendant did not file a motion to compel responses to interrogatories when it states that Plaintiff's responses were inadequate. While this does not necessarily lead to a conclusion that the responses must have been adequate at the time, it raises the possibility that had Defendant filed a motion to compel, Defendant may have discovered the facts

that lead it to pursue its successful challenge sooner. Rather than file a motion to compel, Defendant apparently made a strategic decision to wait until Plaintiff's deposition to pursue answers to the questions to which it felt that it had not received adequate responses. While the Court would certainly not condone a party's purposefully evasive answers to interrogatories, the proper remedy would generally be an order compelling responses and possible sanctions in relation to that motion. At this point, it is not clear to the Court that Plaintiff was purposefully avoiding revealing that no agreement existed, particularly given the range of theories upon which a valid agreement may be created and enforced.

Moreover, whether Plaintiff could establish an agreement as a matter of law was not particularly relevant to Defendant's challenge under the federal labor laws. Defendant argued in its successful motion that regardless of whether an independent agreement existed, any "invention" by Plaintiff implicated the collective-bargaining agreement and direct-dealing between Plaintiff and Defendant. In other words, while the factual context was certainly significant to Defendant's challenge, resolution of the whether an agreement in fact existed was not necessary. Thus, Defendant's motion may have been successful regardless of the timeliness of revelations of fact implicated by Plaintiff's deposition.

Finally, Plaintiff contends that he is entitled to an award of sanctions against Defendant because Defendant vexatiously multiplied this litigation by repeatedly submitting numerous baseless requests and motions for sanctions. Plaintiff represents that Defendant "filed at least 15 demands for sanctions," which Plaintiff characterizes as "disingenuous and completely without merit, all for improper purposes." In response, Defendant emphasizes that the majority of the requests for sanctions alluded to by Plaintiff were simply requests included as part of the overall relief sought

through substantive motions.  Defendant merely sought an award of fees or expenses incurred in bringing the particular motion.  Defendant also contends that Plaintiff has not shown that any of Defendant's requests for fees or sanctions was unsupported, frivolous, or multiplied the proceedings.  Indeed, the majority of Defendant's requests for sanctions necessitated no additional briefing by Plaintiff or attention from the Court.

Based on the above, the Court finds that neither party is entitled to sanctions against the other.  While each party's motion raises the possibility that this case could have been resolved earlier and less expensively, neither party has shown a significant likelihood that the case would have been resolved earlier or less expensively but for the other party's actions.  Rather, it appears that each party made strategic decisions regarding how to litigate the lawsuit, and the combination of each party's tactics ultimately lead to a sub-optimal speed and cost of resolution of the case.  The Court finds however, that neither party's tactics rise to the level of sanctionable conduct pursuant to § 1927 or the Court's inherent powers.

Also before the Court is Plaintiff's objection to the Clerk's assessment of Defendant's request for taxed costs under 28 U.S.C. §§ 1919-20.  On January 12, 2009, the Clerk taxed the following costs against Plaintiff pursuant to Defendant's request: $55.00 for service fees, $3831.10 for court reporter fees, and $45.56 for witness fees. [Dkt. # 162].  Plaintiff's objection to the Clerk's assessment presents essentially the same arguments as Plaintiff's motion for sanctions.  Plaintiff contends that the court reporter fees for depositions are not recoverable because the transcripts were not necessary for use in the case when Defendant should have brought its challenge to the Court's subject matter jurisdiction in May 2006, before the taking of any depositions.  This argument is unavailing for the same reasons as stated above with respect to the cross-motions for sanctions.

Additionally, Plaintiff contends that, absent exigent circumstances, discovery costs should not be imposed when a case is dismissed for lack of subject matter jurisdiction.  As discussed above, the Court found that Plaintiff's claims were within the Court's jurisdiction under § 301 of the LMRA, not that the Court did not have jurisdiction.  Thus, the Court will overrule Plaintiff's objection to the taxation of costs by the Clerk.

Accordingly, it is **ORDERED** that Defendant's motion for sanctions [Dkt. # 160] and Plaintiff's motion for sanctions [Dkt. # 175] are **DENIED**.

It is further **ORDERED** that Plaintiff's objection to costs taxed and bill of costs [Dkt. # 165] is **OVERRULED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 6, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 6, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS